UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-117-CVE-PJC |
| ) | |
| MAX TANNER, KELLI DIXON, ) | |
| and THE OOLOGAH-TALALA ) | |
| SCHOOL DISTRICT, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendants' Motion to Dismiss (Dkt. # 7). Defendants argue that plaintiff has failed to adequately allege a First Amendment retaliation claim, because plaintiff has made no allegations that defendants' actions were motivated by plaintiff's constitutionally protected conduct. Defendants also argue that plaintiff has failed to specify what acts of each defendant allegedly violated his constitutional rights, and that he may not allege claims on behalf of his minor son.

**I.**

On February 29, 2016, Andrew Wright filed this case and he was not represented by an attorney. Wright alleges that his son, S.W.,[1] "who is disabled, has been repeatedly denied services by the Defendants." Dkt. # 2, at 1. He claims that sought injunctive relief against defendants in

---

[1] Plaintiff has been previously warned not to include the full name of his minor son on filings with the Court. For the protection of plaintiff's son, the Court will refer to Wright's son as "S.W." and the Court Clerk is directed to seal Dkt. # 12 because it identifies S.W. by his full name.

state court and the defendants retaliated against him by filing a false claim with the Oklahoma Department of Human Services.  Id. at 2.  He alleges that defendants made a false police report against his son and he claims that his son is now subject to a juvenile adjudication based on a fabricated incident.  Id.  S.W. was suspended from school from August 2015 to January 2016.  Wright sought an administrative hearing to challenge the suspension, and he claims that defendants Max Tanner and Kelli Dixon lied under oath at the hearing.  Finally, Wright alleges that his son cannot attend school in his "lawful school district due to the untruthful, malicious, and retaliatory actions of Defendants."  Wright alleges that defendants violated his rights under the First Amendment and he seeks injunctive relief, declaratory relief, and monetary damages.

This is the second case filed by Wright arising out of the same allegedly improper discipline of S.W.  On August 31, 2015, Wright filed a case on behalf of S.W. alleging that the school district proposed to discipline S.W. and that school officials were retaliating against S.W. for filing a state court action against The Oologah-Talala School District (the School District).  Andrew Wright and S.W. v. Oologah-Talala School District, 15-CV-507-CVE-PJC (N.D. Okla.).  That case was dismissed for lack of jurisdiction, because the claims alleged were not ripe for judicial review and a pro se party could not allege claims on behalf of a minor child.

**II.**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the

2

factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendants argue that plaintiff has failed to adequately allege a First Amendment retaliation claim against them, because his complaint contains no allegations that defendants' actions were substantially motivated by an intention to retaliate against plaintiff for engaging in constitutionally protected activity. Defendants further argue that plaintiff's complaint fails to give them sufficient notice of his claims, because the complaint does not identify which specific defendants allegedly engaged in the conduct giving rise to his claims. Plaintiff has not filed a response to defendants' motion to dismiss, but he has filed a Memorandum for the Court Regarding the Filing of a Joint

Status Report that explains the factual and legal basis for his claims. Dkt. # 12. The Court has reviewed this document and will consider it as a response to defendants' motion to dismiss.

Before considering defendants' arguments, the Court will clarify the scope of the claims that can be brought by plaintiff as a pro se party, because it appears that he is attempting to allege claims on behalf of himself and his son. The law is clearly settled that a pro se litigant may not represent any other person and, in the case of a minor child, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). The named plaintiff in this case is Andrew Wright and he identifies himself as S.W.'s father, and he claims that S.W. was unfairly disciplined by the school in retaliation for filing a lawsuit against defendants. Plaintiff clearly identifies S.W. as a minor. Dkt. # 12, at 2. Plaintiff may bring such a claim on behalf of his son, but S.W. must be represented by an attorney and not a pro se parent. Oltremari by McDaniel v. Kansas Soc. & Rehab. Serv., 871 F. Supp. 1331 (D. Kan. 1994) (dismissing case sua sponte because pro se parent filed claim on behalf of minor child). To protect the interests of S.W., the Court will require that he be represented by an attorney before proceeding with a civil rights claim against defendants and, in this Opinion and Order, the Court will consider only claims that could reasonably be viewed as claims filed solely on behalf of plaintiff.

Plaintiff could be attempting to allege a First Amendment retaliation claim on the ground that school officials retaliated against him for speaking at an administrative hearing during which he challenged S.W.'s suspension. To state a First Amendment retaliation claim outside of the employment context, a plaintiff must allege "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would

chill a person of ordinary firmness from continuing in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected activity." Leverington v. City of Colorado Springs, 643 F.3d 719, 729 (10th Cir. 2011). A private citizen engages in protected activity "anytime he or she petitions the government for redress," and it is not required that the speech relate to a matter of public concern. Van Deelen v. Johnson, 497 F.3d 1151, 1156 (10th Cir. 2007). This rule applies whether a citizen is petitioning a government actor or exercising his or her right to free speech. Klen v. City of Loveland, Colorado, 661 F.3d 498, 509 (10th Cir. 2011). Viewing the complaint liberally, the complaint adequately alleges that plaintiff engaged in constitutionally protected activity by speaking on behalf of S.W. at an administrative hearing. However, the complaint contains no allegations that could plausibly be construed as an allegation that defendants took any action against plaintiff for exercising his right to free speech. Instead, there are allegations that S.W. was disciplined or subject to a false arrest based on allegations of school officials, but there are no allegations that could plausibly tie the actions against S.W. to any constitutionally protected activity of plaintiff. The Court also notes that there was no alleged conduct of any defendant directed specifically at plaintiff, and the alleged retaliation was directed solely at S.W. Plaintiff has failed to state a claim of First Amendment retaliation on his own behalf and this claim should be dismissed.

Plaintiff could be attempting to allege claims against defendant under 42 U.S.C. § 1983, but defendants argue that he has not identified any specific conduct attributable to a specific defendant that could support a § 1983 claim. Section 1983 is a vehicle to impose personal liability on government officials, and a plaintiff must "'identify specific actions taken by particular defendants' in order to make out a viable § 1983 [claim]." Pahls v. Thomas, 718 F.3d 1210, 1226 (10th Cir.

5

2013). A plaintiff alleging a § 1983 claim must provide "fair notice of the grounds for the claims made against each of the defendants" and a list of allegations against "defendants" is insufficient to state a § 1983 claim. Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). The Court has considered that plaintiff is proceeding pro se and the Court has liberally construed the allegations of the complaint. Even giving plaintiff's complaint a liberal construction, it is not possible to determine which defendants allegedly retaliated against plaintiff and/or S.W. At most, there is an allegation that Max Tanner and Kelli Dixon lied under oath at an administrative hearing, but there are no allegations suggesting that Tanner and Dixon acted with an intent to retaliate against plaintiff or his son. Dkt. # 2, at 2. The Court finds that plaintiff's complaint fails to provide defendants sufficient notice of the claims against them, and plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

The Court has considered whether plaintiff, as a pro se party, should be given an opportunity to amend his complaint, but the Court finds that it is unnecessary to afford plaintiff such an opportunity in this case. This is the second case filed by plaintiff arising out of the same facts and the prior case was dismissed for lack of subject matter jurisdiction. Plaintiff was previously advised that he may not proceed as a pro se party with claims on behalf of his son, but he has again attempted to allege claims on behalf of his minor son. To avoid any potential prejudice to S.W., plaintiff's claims will be dismissed without prejudice should plaintiff obtain counsel and seek to bring claims on behalf of S.W.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Dkt. # 7) is **granted**, and plaintiff's claims are **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to seal Dkt. # 12, because the document identifies plaintiff's minor son by his full name.

**DATED** this 16th day of September, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE